**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**BRIAN FISHBACK**                                                                                    **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 1:21-CV-142-GNS**

**JUDGE-EXECUTIVE MIKE BUCHANON/
WARREN COUNTY FISCAL COURT** *et al.*                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action filed by Plaintiff Brian Fishback.  Plaintiff has filed an application to proceed without prepayment of fees.  Upon review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a).  Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 2) is **GRANTED**.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Plaintiff initiated this action by filing a non-prisoner complaint form for a civil case.  On the form, he indicates that he resides in Bowling Green, Kentucky.  He sues Judge-Executive Mike Buchanon, Warren County Fiscal Court; Ron Bunch, Bowling Green Chamber of Commerce; Doug Gorman, Warren County Downtown Redevelopment Association; the Bowling Green, Kentucky, Board of Commissioners; and the City-County Planning Commission Board of Warren County. Plaintiff checked the box which indicates that this Court has jurisdiction over this action because a

"federal question" is presented.  In the section of the complaint form which asks him to list the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, Plaintiff writes "KRS 100.271- zoning regulations," "KRS 68.210 – county budgeting," and "voter suppression."  The complaint contains no other information.

In a ten-page, typed, single-spaced attachment to the complaint, Plaintiff makes claims very similar to the ones he has made in previous lawsuits filed in this Court.  For example, he again makes claims regarding the Bowling Green "TIF District" and the "Shake Rag Community."  He again states that Bowling Green residents were not allowed to vote regarding the "TIF" and there has been an "illegal intrusion" in the Shake Rag Community.  He also again alleges that there is a conflict of interest regarding the "TIF" that involves Warren County Fiscal Court members.  Plaintiff also reasserts claims regarding the building of a "Transpark" without allowing taxpayers to vote on the project.  Plaintiff asks the Court to "grant a Stay, for the halting of any new addition to the TIF in [Bowling Green] and also halt any new addition to the Transpark in [Warren County], until a 'new voting regulation' is enacted by the [Bowling Green] City Commission Board members in terms of having the [Warren County] residents get to vote . . . about any issue concerning this TIF or Transpark . . . ."

In the next section of the attachment Plaintiff raises concerns about the Fiscal Court's decision to purchase the "Sugar Maple Square shopping center building."  He points to what he characterizes as various "conflicts of interest" regarding this decision.  Plaintiff then asks the Court to "grant a stay concerning the [] Fiscal Court and a majority of the [] City Commissioners Board, from changing any property in the TIF area, . . ., of or near the Transpark area, until this Federal Court implements having a 'new regulation' created that creates local Warren County neighborhood councils for Warren County's residents . . . ." and to require the Fiscal Court and City Commissioners Board "to have to get a 100% approval vote from the residents of that particular area, neighborhood, or community . . ." before they decide that "they will change, or take away, a part of these areas or neighborhoods to suit their whims. . . ."

Finally, Plaintiff includes a list of the of the "conflicts of interest" he believes exist regarding the Sugar Maple Square Project and a list of the Warren County Fiscal Court's "projects during the last 15 years that failed to reach the standards that [] Fiscal Court's members promoted for these projects."

## II.

Plaintiff indicates that the Court has federal-question jurisdiction over this action.  Under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff fails to cite to any federal statute, federal treaty, and/or provision of the United States Constitution which would provide this Court with federal-question jurisdiction.[1]

Moreover, even if the Court could discern some basis for a federal claim in Plaintiff's allegations, he has failed to establish that he has standing to bring this action.  Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).  To establish standing, a plaintiff must show the following "three key elements":

> (1) the plaintiff suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) the injury must be "fairly traceable to the challenged action of the defendant"; and (3) "it must be likely . . . that the injury will be redressed by a favorable decision"

---

[1] The Court additionally notes that the complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are all citizens of Kentucky.  *See* § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

*Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (quoting *Lujan*, 504 U.S. at 560-61).  Plaintiff does not allege that he suffered any personal injury as a result of Defendants' alleged actions.

Finally, to the extent that Plaintiff is attempting to bring claims on behalf of people living in certain communities in Warren County, Plaintiff, as a non-lawyer, may not do so.  Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel.  28 U.S.C. § 1654 ("In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003) ("[T]hat statute does not permit plaintiffs to appears *pro se* where interests other than their own are at stake"); *Iannoccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

For these reasons, the Court will enter a separate Order dismissing this action for lack of subject-matter jurisdiction.

**III.**

Within the last five months, Plaintiff has filed four *pro se* civil actions in this Court Warren County Judge-Executive/Fiscal Court, the Bowling Green Board of Commissioners, and the City-County Planning Commission containing substantially similar allegations and claims about   *See Fishback v. Warren County Fiscal Court/Judge Executive Mike Buchannon et al.,* No. 1:21-cv-97-GNS; *Fishback v. Warren County Fiscal Court/Judge Executive Mike Buchannon et al.,* No. 1:21-cv-98-GNS, *Fishback v. Warren County Fiscal Court/Judge Executive Mike Buchannon et al.,* No. 1:21-cv-125-GNS; *Fishback v. Buchanon et al.*, No. 1:21-cv-142-GNS.  These cases have now all been dismissed for lack of subject-matter jurisdiction.  In Plaintiff's most recent case prior to this action, he was warned that, if he continued to file frivolous or duplicative lawsuits, the Court would impose

sanctions against him, including but not limited to barring him from proceeding *in forma pauperis* in any future actions. *See Fishback v. Warren County Fiscal Court/Judge Executive Mike Buchannon et al.*, No. 1:21-cv-125-GNS (DN 4).

Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811. A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Boswell v. Wright*, 142 F.3d 432 (6th Cir. 1998). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . . ." *Maxberry*, 879 F.2d at 224. It is clear to this Court that Plaintiff's litigation history amounts to such an abuse.

Given Plaintiff's duplicative filings against the Warren County Judge-Executive/Fiscal Court, the Bowling Green Board of Commissioners, and the City-County Planning Commission Board of Warren County about the "TIF District" in such a short period of time, the Court concludes that the least severe sanction likely to deter Plaintiff from filing such future lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court against any of these Defendants or about the "TIF District." This injunctive relief has no punitive aspect and serves a purely deterrent function.

Accordingly, **IT IS HEREBY ORDERED** that **Brian Fishback shall no longer be permitted to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky 1) in any lawsuit against the Warren County Judge-Executive/Fiscal Court, the Bowling Green Board of Commissioners, or the City-County Planning Commission Board of Warren County; and 2) in any lawsuit which makes claims about the "TIF District." The Clerk of Court is DIRECTED not to accept for filing any action by Brian Fishback which lists of one of these parties as a Defendant or makes allegations regarding the "TIF District" unless he pays the filing fee.**

The Court additionally **WARNS** Plaintiff that future frivolous and duplicative lawsuits regarding other matters will result in a permanent injunction prohibiting Plaintiff from proceeding *in forma pauperis* in any case in the future.

Date:   October 22, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
4416.011

6